**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>         v.<br><br>IAGNACIO MONTANEZ-RODRIGUEZ,<br><br>                              Defendant. | Case No. 18-cr-01699-BAS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 53)** |

On July 24, 2018, this Court sentenced Defendant to the mandatory minimum sentence of 120 months in custody, following his guilty plea to importing methamphetamine. (ECF Nos. 34, 35.) This was Defendant's second conviction for importing narcotics into the United States.

On January 25, 2021, the Court denied Defendant's request for compassionate release. (ECF No. 52.) At that time, Defendant argued his medical conditions placed him at severe risk if he were to contract COVID-19 and that his medical conditions were being inadequately addressed while in custody. (ECF Nos. 36, 44.) The Court found Defendant's

diabetes and the outbreak of COVID at the facility where he was being housed constituted extraordinary and compelling reasons for his release. However, the Court then found the § 3553(a) factors did not support releasing Defendant. (ECF No. 52.) The Court pointed out that this was Defendant's second conviction for importing narcotics into the United States. He had an untreated drug addiction and had been repeatedly arrested and convicted for possession of methamphetamine and, on at least one occasion, driving under the influence of methamphetamine. (*Id.*) Finally, the Court found releasing Defendant after 32 months would create unwarranted disparities with other similarly situated defendants. (*Id.*)

Defendant now files a second petition for compassionate release. (ECF No. 53.) In this request, Defendant makes much less of a case that extraordinary and compelling reasons exist for his release. Specifically, he states the extraordinary and compelling reasons are: "(a) non-violent crime; (b) my role offense was label as a mule [sic]; (c) this is my second time and last." (ECF No. 53.) Largely, Defendant focuses on his remorse for his offense, along with letters from his three children and his ex-wife appealing for his release. (ECF No. 53.)

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S. Sentencing Commission. *See* United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.*

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons, including where "[t]he defendant is suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from

which he . . . is not expected to recover." U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii) (last revised Nov. 1, 2021). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id*., Application Note 3.

Post-*Aruda*, "district courts are empowered to consider any extraordinary and compelling reason for release . . . even if not enumerated by the Sentencing Commission's statements." *United States v. Wright*, No. 19-cr-4286-GPC, 2022 WL 673265, at *3 (S.D. Cal. Mar. 7, 2022). "The Court may therefore consider Section 1B1.13 in its broad exercise of discretion, but it is not bound by its definition of extraordinary and compelling reasons." *Id*. As the movant, however, the Defendant bears the burden to establish that he is eligible for compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

The Court is sympathetic to the difficulties Defendant's diabetes has caused him while in custody. However, the fact that he is diabetic is insufficient to establish extraordinary and compelling reasons for his release. Indeed, and unfortunately, a large number of prisoners currently incarcerated are diagnosed with diabetes. According to a Department of Justice survey, by 2016, 8% of federal inmates had been diagnosed at some point with diabetes. Laura M. Maruschak et al., *Medical Problems Reported by Prisoners*, U.S. Department of Justice, Bureau of Justice Statistics tbl. 2 (Oct. 2016).

Furthermore, the reasons listed in Defendant's Motion (that his offense was non-violent, that his role was minor and that, although it is his second time importing narcotics, it will be his last) are simply insufficient to meet his burden of establishing eligibility for compassionate release.

In addition, with the exception of the amount of time Defendant has now served in custody, the reasons the Court denied Defendant's compassionate release request in 2021 apply with equal force today. Given Defendant's criminal background, the § 3553(a) factors do not support his early release.

Therefore, both because Defendant fails to establish extraordinary and compelling reasons for his release and because the § 3553(a) factors do not support the request, Defendant's Motion for Compassionate Release (ECF No. 53) is **DENIED**.

    **IT IS SO ORDERED.**

**DATED: June 20, 2023**

Hon. Cynthia Bashant
United States District Judge